Mr. Justice MILLED,
who delivered the opinion of the court.
It is argued by counsel for defendant in error that no question cognizable by this court on a writ of error to a State court is presented by the record, while the counsel for plaintiff insists that the validity of the acts of Congress, making certain notes of the United States a legal tender in payment of debts, was the only question raised and decided in'the court below.
"We are satisfied, from a careful examination of the record, that this latter question was decided against the validity of those statutes, and that such a decision was essential to the judgment rendered by the court.
Dooley being indebted to Smith in a sum of nearly $10,000, evidenced by a note, and made a lien on land by mortgage, filed his petition in the proper State court of Kentucky, alleging that on the 6th day of January, A.D. 1868, the amount due on the note was $9843.92, and that on that day he tendered to Smith that sum in United States legal tender treasury notes, commonly called greenbacks, which Smith refused to receive, and to surrender the note, though he had demanded it. He now brings said legal tender notes into court, and again tenders them, and prays for a delivery of his note and for such other relief as may be proper. He also alleges a prior tender in 1864, but this may be dismissed from further consideration, as he offers the amount due in 1868, without reference to the first tender.
To this petition Smith filed a general demurrer.
"While this suit was pending the defendant, Smith, brought an action in the same court to recover the amount due on *606 the note, and to this action Dooley answered, referring to his petition in the former case, and making his allegation therein, of a tender, his answer in this case, and praying that the two be consolidated, which was ordered by the court. Smith demurred generally to Dooley’s answer.
On these pleadings the case was submitted to the court, which ordered both demurrers to be sustained and rendered a judgment for Smith for the amount due, with interest until paid, without regard to the tender. This judgment was affirmed by the Court of Appeals of Kentucky, to which the present writ of error is directed.
Some attempt is made in argument to show that the court might have rested its judgment on the insufficiency of the amount tendered without regard to the character of the currency offered; but as the petitiou of plaintiff", Dooley, which is adopted as his answer in the suit of Smith, expressly avers that by reason of payments already made, the sum due on the day of the teuder was the precise sum tendered, this fact must be taken as confessed by the demurrer of Smith. As regards the sufficiency of the tender of 1864, it is immaterial, as it was not relied on by the plea.
So, also, the argument that the tender paid into court having been withdrawn before judgment, that fact justified the judgment, is answered by the record, which shows that it was withdrawn by a consent order of the court, which provided that the legal effect of the tender should be the same as it would be if the money remained in court.
If the teuder was good its effect was to stop the running of interest, and the judgment of the court gave interest ex pressly, as though no teuder had been made.
In short, it is not possible to examine the record and discover any ground on which the plea of tender by Dooley was held bad on demurrer but the fact that it was made in legal tender notes of the United States.
This court, therefore, has jurisdiction.
The recent decision here, overruling Hepburn v. Griswold,* *607 and holding these notes to be a valid tender in payment of contracts made before the enactment of the legal tender statutes, as well as those made since, decides the case before us on the merits, and dispenses with further argument.
Judgment reversed, and the case remanded, with directions to that court for further proceedings
In conformity with this opinion.

 Legal Tender Cases, 12 Wallace, 457.